UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Charles L. Oslanci,                                         Case No. 05-80054
                                                              Chapter 13
                           Debtor.                      Hon. Phillip J. Shefferly
_____/

**OPINION SUSTAINING DEBTOR'S OBJECTION TO
CLAIM NO. 4 FILED BY KEYBANK NATIONAL ASSOCIATION**

I. Introduction

This matter is before the Court on an objection filed by the Debtor to claim No. 4 filed by KeyBank National Association. A hearing on the Debtor's objection was held on April 11, 2006. The Court took the matter under advisement at that time. For the reasons set forth in this opinion, the Court sustains the Debtor's objection and disallows claim No. 4 filed by KeyBank.

II. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

III. Facts

The facts in this case are straight forward and undisputed. Prior to the commencement of this case, the Debtor was involved in a business enterprise known as R&R Sound, Ltd. d/b/a Sound Media, with another individual, Stephen Robinson. KeyBank made a loan to the business. The Debtor signed a guarantee of that loan. At some point the business failed and KeyBank brought suit against the business entity, the Debtor and Robinson. On September 21, 2005, a default judgment was entered in the amount

of $149,849.33 plus interest and costs in favor of KeyBank and against the business entity, the Debtor and Robinson. Robinson filed a Chapter 7 case and was discharged from his liability. Discussions then ensued between the Debtor's attorney and KeyBank's attorney regarding resolution of the judgment, but none was achieved.

On October 12, 2005, the Debtor filed this case under Chapter 13 of the Bankruptcy Code.[1] Both KeyBank and its attorney were listed on the matrix filed by the Debtor. The Debtor's schedule F lists as one of the Debtor's unsecured debts the sum of $149,849 as a disputed, contingent and unliquidated debt owing to KeyBank. Schedule F also lists both KeyBank's address and its attorney's address. On October 17, 2005, the Bankruptcy Court clerk issued the notice of commencement of Chapter 13 case, meeting of creditors, and deadlines. That notice set February 2, 2006 as the deadline to file a proof of claim except for governmental units. On November 1, 2005, the Debtor filed a Chapter 13 plan, which proposed a 10% distribution to holders of allowed unsecured claims. The Chapter 13 Trustee filed objections to confirmation. The confirmation hearing was scheduled for December 20, 2005 but was adjourned by agreement between the Debtor and the Trustee until February 7, 2006. KeyBank did not attend the first meeting of creditors on November 4, 2005 nor the confirmation hearing on February 7, 2006. Nor did KeyBank file either a proof of claim before the bar date of February 2, 2006 or any objection to confirmation. With the bar date of February 2, 2006 having expired, and having the benefit of the knowledge of what proofs of claims were timely filed prior to the expiration of the bar date, the Debtor agreed to resolve the Trustee's objections to confirmation by including a provision in the order

---

[1] All references to the Bankruptcy Code in this opinion are to the Bankruptcy Code as it existed prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. This is because the Debtor filed his chapter 13 case prior to October 17, 2005, the effective date of that Act.

confirming plan that required all unsecured creditors to receive 100% under the Debtor's confirmed plan. On February 8, 2006, the Court entered the order confirming the Chapter 13 plan. On February 20, 2006, after the expiration of the bar date and after confirmation of the Debtor's Chapter 13 plan, KeyBank filed a proof of claim (claim No. 4) in the amount of $149,849.33. On February 28, 2006, the Debtor filed his objection to KeyBank's proof of claim.

At the hearing held on April 11, 2006, the Debtor asserted that both KeyBank and its attorney were properly notified of the bankruptcy case, each listed on the matrix, and the debt properly scheduled on schedule F. The Debtor pointed out that despite such knowledge, KeyBank did not participate in the Chapter 13 case by attending the § 341 hearing, attending the confirmation hearing or timely filing a proof of claim. KeyBank did not contest the fact that it had been listed properly by the Debtor and admitted that it had actual knowledge of the bankruptcy case throughout the proceeding. Instead, KeyBank asserted that the explanation for why no proof of claim was timely filed was because of a miscommunication between KeyBank and its counsel. KeyBank further asserted that the failure to file a proof of claim was only discovered by it upon receipt of a copy of the order confirming the Chapter 13 plan which reflected that all unsecured creditors were to receive 100% of their claims. KeyBank realized then that it had not filed a proof of claim and promptly filed a proof of claim thereafter on February 20, 2006. KeyBank asserts that its delay was short, was not the result of any culpability, and was instead due to a miscommunication or excusable neglect. KeyBank also asserts that even though it filed its proof of claim beyond the bar date, an order sustaining the Debtor's objection would effectively create a windfall for the Debtor because KeyBank was the holder of the largest unsecured claim and, if it had timely filed its claim and the Debtor's original Chapter 13 plan been confirmed, there would have been a 10% distribution to holders of allowed

unsecured claims and KeyBank would have received approximately $15,000 (i.e., 10% of its claim of $148,849). If its claim is disallowed, KeyBank emphasizes that, because there are few other unsecured claims, this $15,000 will not redound to the benefit of other unsecured creditors. Instead, the result will be that the $15,000 will actually go back to the Debtor. KeyBank views this as an inequitable result. For those reasons, KeyBank requests the Court to use it equitable powers to deny the objection to claim and allow the late proof of claim of KeyBank. At the conclusion of the April 11, 2006 hearing, the Debtor and KeyBank each requested an opportunity to file supplemental briefs. Those briefs were timely filed by both the Debtor and KeyBank.

IV. Analysis

There is no requirement in the Bankruptcy Code that a creditor file a proof of claim. Instead, § 501(a) permits a creditor to file a proof of claim: "A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." The effect of filing a proof of claim is determined by § 502(a) of the Bankruptcy Code: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."

The Bankruptcy Code itself does not state the date by which a proof of claim must be filed. However, Fed. R. Bankr. P. 3002(c) prescribes the time for filing of a proof of claim in Chapter 7, Chapter 12 and Chapter 13.

> (c) **Time for Filing**. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows . . . .

There are five separately numbered exceptions under Fed. R. Bankr. P. 3002(c). KeyBank does not claim that it is within any of these exceptions and it is clear to the Court that none of them apply to the facts in

this case.

Section 502(b) lists a number of circumstances in which a filed claim shall be disallowed upon the filing of an objection and after notice and hearing. One of these circumstances is where the proof of claim is not filed timely:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>   . . .
>   (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

Section 502(b)(9) of the Bankruptcy Code was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 and made applicable to cases filed after October 22, 1994. Prior to that amendment, courts had reached different conclusions regarding the treatment to be afforded in Chapter 13 cases to tardily filed proofs of claims. The Sixth Circuit Court of Appeals in United States v. Chavis (In re Chavis), 47 F.3d 818 (6th Cir. 1995) rejected a line of cases from other circuits that had held, based on a perceived conflict between the Bankruptcy Code and Rules, that a claim "need not be timely filed to be allowed . . . ." Id. at 822-23 (discussing In re Vecchio, 20 F.3d 555 (2d Cir. 1994) and In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir. 2004)). Instead, the Chavis court "harmonized" the Code and Rules, and affirmed the Bankruptcy Court's and District Court's reasoning that:

> "Fed. R. Bankr. P. 3002(c) establishes a bar date for filing certain proofs of claim in chapter 7 and chapter 13 cases. That deadline would be rendered meaningless if untimeliness were not a grounds for disallowance. Fed. R. Bankr. P. 3002(a) makes clear that filing a proof of claim in the manner required by the rule is a necessary precondition to allowance. . . . This Court sees no reason to challenge the congressionally-granted

-5-

rulemaking power with regard to matters such as time, which Fed. R. Bankr. P. 3002(c) provides. Such a holding would undermine many years of precedent and common sense."

Id. at 820 (quoting Bankruptcy Court's Opinion and Order on Objection to Claim at 5-9).

The Chavis court's rejection of those cases that held that the failure to timely file a proof of claim in a Chapter 13 case was not fatal to a creditor under Fed. R. Bankr. P. 3002(c) was essentially codified by the addition of § 502(b)(9) to the Bankruptcy Code under the Bankruptcy Reform Act of 1994. That section of the Bankruptcy Code makes clear that if an objection to a proof of claim is based upon the fact that the "proof of such claim is not timely filed," then the claim shall be disallowed under § 502(b)(9) except in three specifically prescribed circumstances under that section of the Bankruptcy Code. The first exception is for tardily filed claims to the extent they are permitted under § 726(a)(1), (2) or (3). However, § 726(a) only applies to Chapter 7 cases and not to Chapter 13 cases. See 11 U.S.C. § 103(b). That exception does not apply in this Chapter 13 case. The second exception contained in § 502(b)(9) is for tardily filed proofs of claims to the extent permitted by the Fed. R. Bankr. P. However, as already noted, KeyBank does not assert that any of the exceptions contained in Fed. R. Bankr. P. 3002(c) for tardily filed claims apply in this case. The third and final exception in § 502(b)(9) is for claims of governmental units in certain circumstances. KeyBank is not a governmental unit, so that exception does not apply. Therefore, none of the three exceptions contained in § 502(b)(9) apply here.

In this case, the notice of commencement of Chapter 13 case set February 2, 2006 as the deadline to file a proof of claim. Pursuant to Fed. R. Bankr. P. 3002(c), February 2, 2006 is exactly 90 days after the date set for the first meeting of creditors in this case (i.e., November 4, 2005). However, despite the consequence of disallowance required by § 502(b)(9) for an untimely proof of claim, KeyBank argues that equitable factors support overruling the Debtor's objection to its claim. First, KeyBank contends that

-6-

Debtor will receive a windfall in this case if KeyBank's claim is disallowed. Second, KeyBank missed the deadline to file a proof of claim by only eighteen days. Third, the miscommunication between KeyBank and its counsel constitutes excusable neglect. Together, KeyBank contends that these facts justify the Court denying the Debtor's objection and allowing the untimely proof of claim.

Unfortunately for KeyBank, there is no equitable exception to the application of § 502(b)(9). The Court rejects KeyBank's assertion that § 105 of the Bankruptcy Code permits it to somehow overrule the express provisions of § 502(b)(9) of the Bankruptcy Code. See Zich v. Wheeler Wolf Attorneys (In re Zich), 291 B.R. 883, 885 (Bankr. M.D. Ga. 2003) ("The bar date for filing a proof of claim in a Chapter 13 case cannot be extended because of excusable neglect or through the Court's general equity powers.").[2]

KeyBank further supports its argument by pointing out that if KeyBank's proof of claim is

---

[2] KeyBank also argued in its supplemental brief that the Court should reconsider the proof of claim under § 502(j) of the Bankruptcy Code, in light of the circumstances in this case. Section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." First, it is worth noting that there is nothing for the Court to "reconsider" at this time. No order allowing or disallowing KeyBank's proof of claim has yet been entered by the Court. Reconsideration under § 502(j) is not a device to circumvent a hearing in the first instance on the merits of an objection to a proof of claim under § 502(b), or to somehow lessen the standards to be applied to an objection brought under § 502(b). Second, even if the Court were to apply the various equitable factors used under § 502(j), the facts in this case do not support allowance of KeyBank's claim. See Americredit Financial Services v. Durham (In re Durham), 329 B.R. 899, 902-03 (Bankr. M.D. Ga. 2005) (denying reconsideration when a "series of mistakes . . . converged to create an unfortunate predicament" for the creditor) (citation and internal quotation marks omitted). Although the disallowance of KeyBank's claim may benefit the Debtor, there is an even more basic maxim of equity that is relevant in this case. "The bankruptcy court is conducted upon principles of equity and equity will not aid those who have slept upon their rights." Continental Can Co. v. Graham, 220 F.2d 420, 422 (6th Cir. 1955) (citation omitted). KeyBank did not participate in this bankruptcy case until after confirmation and after the claims bar date. The Court simply cannot relieve KeyBank from the consequences of its inaction, even if that inaction was unintentional or may result in an unexpected benefit to the Debtor.

disallowed, then the Debtor's Chapter 13 plan that was confirmed on February 8, 2006 does not comply with § 1325(a)(4) of the Bankruptcy Code. In a Chapter 7 case, KeyBank would be entitled to a distribution as the holder of a tardily filed claim under § 726(a)(3) of the Bankruptcy Code. KeyBank reasons, therefore, that the Debtor's confirmed Chapter 13 plan provides KeyBank with less than the amount it would have received in a Chapter 7 liquidation even with a tardily filed proof of claim.

The Court also rejects KeyBank's assertion that the consequence of disallowance of KeyBank's proof of claim somehow results in the Debtor's Chapter 13 plan failing to comply with § 1325(a)(4) of the Bankruptcy Code. That section of the Bankruptcy Code requires the Court to confirm the plan if certain elements are met at the time of confirmation. KeyBank made no objection to confirmation. The particular element under § 1325(a)(4) that KeyBank now looks to is that "the value . . . of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 . . . ." Disallowance of KeyBank's proof of claim today does not in any way retroactively undermine the Court's finding at the time of confirmation in this case that the Debtor's Chapter 13 plan provided for distribution of property to <u>allowed</u> unsecured claims equal to or greater than what they would receive in Chapter 7 case. The point is that § 502(b)(9) is the basis for the <u>disallowance</u> of KeyBank's claim. KeyBank does not have an <u>allowed</u> unsecured claim now and did not have an <u>allowed</u> unsecured claim at the time of confirmation. Moreover, even if the Court were inclined to accept the merits of KeyBank's argument regarding § 1325(a)(4), the time for that argument was at confirmation. Section 1327(a) of the Bankruptcy Code makes clear that the order confirming plan in this case binds the Debtor and all creditors, including KeyBank. That order is a final order from which no appeal was taken.

In sum, § 502(b)(9) requires the Court to disallow KeyBank's proof of claim in this case because it was not timely filed by the deadline set forth under Fed. R. Bankr. P. 3002(c). That section is clear and unequivocal. As noted by Judge Lundin in his authoritative treatise, "[i]n Chapter 13 cases filed after October 22, 1994, a timely filed proof of claim is a prerequisite to allowance of the claim. . . . [U]pon objection, § 502(b)(9) disallows untimely filed secured, unsecured or priority claims." 4 Keith M. Lundin, Chapter 13 Bankruptcy, § 290.1 at 290-1 (3d ed. 2000 & Supp. 2004) (footnote omitted). There simply is no equitable exception to rescue KeyBank.

Accordingly, the Court concludes that the Debtor's objection to KeyBank's proof of claim must be sustained under § 502(b)(9) of the Bankruptcy Code and Fed. R. Bankr. P. 3002(c). The Court will enter a separate order consistent with this opinion.

**Not for publication.**

```
Entered: May 05, 2006
                                         /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```